1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GIA WESLEY,

                Plaintiff,

    v.

UNITED STATES OF AMERICA,

                Defendant.

CASE NO. C07-215JLR

ORDER

## I.  INTRODUCTION

This matter comes before the court on Defendant United States' motion for summary judgment (Dkt. # 6).  Plaintiff Gia Wesley does not oppose the motion.  For the reasons stated below, the court GRANTS the United States' motion (Dkt. # 6) and dismisses this action with prejudice.

## II.  BACKGROUND

Plaintiff Gia Wesley challenges the towing of her vehicle from the United States Postal Service ("Postal Service") North City Station in Shoreline, Washington.  On the night of November 27, 2006, Postal Service employees discovered two unauthorized cars

ORDER – 1

in the station's employee parking lot.  Huffman Decl. ¶ 3 (Dkt. # 7).  The parked cars blocked the loading docks used by Postal Service trucks.  Id.  The following morning, a Postal Service employee authorized the towing of the cars in order to proceed with mail delivery.  Id. ¶ 5.

On December 20, 2006, Ms. Wesley, one the car's owners, filed a complaint in King County District Court challenging the towing and impoundment of her vehicle under a Washington state statute, RCW § 46.55.120.  Ms. Wesley identified "Postoffice North City" as the entity responsible for the tow.  The United States properly removed the action to this court and now moves for summary judgment.

## III.  ANALYSIS

On a motion for summary judgment, the court must draw all inferences from the admissible evidence in the light most favorable to the non-moving party.  Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000).  Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of showing the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has met its burden, the opposing party must show that there is a genuine issue of fact for trial.  Matsushita Elect. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The opposing party must present significant and probative evidence to support its claim or defense.  Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991).  When confronted with purely legal questions, the court does not defer to the non-moving party.

When the non-moving party fails to oppose a summary judgment motion, the court must still apply the above standards consistent with Fed. R. Civ. P. 56(c).  Henry v. Gill Indus., Inc., 983 F.2d 943, 949-50 (9th Cir. 1993) (holding that a court may not grant

ORDER – 2

summary judgment merely because motion is unopposed, even where local rules are to the contrary).  The court must determine if the moving party has shown that there is no genuine issue of material fact requiring a trial.  See id. at 950.

The court concludes, as a matter of law, that Ms. Wesley cannot maintain her claim against the United States under a Washington state statute governing the towing and impoundment of vehicles.  Such a claim implicates the relations between federal and state entities, which are governed by the Supremacy Clause of the U.S. Constitution.  See U.S. Const. art. VI, cl. 2 ("This Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land[.]").  It is therefore "well settled that the activities of federal installations are shielded by the Supremacy Clause from direct state regulation unless Congress provides clear and unambiguous authorization for such regulation."  Goodyear Atomic Corp. v. Miller, 486 U.S. 174, 180 (1988) (quotation omitted).  The Postal Service is "an independent establishment of the executive branch of the Government of the United States."  See United States Postal Service v. Flamingo Indus. (USA) Ltd., 540 U.S. 736, 740 (2004) (citing 39 U.S.C. § 201).  Thus, the Supremacy Clause preempts the application of non-federal laws that frustrate or interfere with the operations of the Postal Service.  United States v. City of Pittsburg, California, 661 F.2d 783, 785-86 (9th Cir. 1981) (striking down a city trespass law that would have required letter carriers to seek permission from homeowners before crossing their lawns to deliver mail).

Ms. Wesley abandoned her car on Postal Service property in a location that directly interfered with the delivery of mail.  The Postal Service's decision to authorize the towing of Ms. Wesley's car, in order to carry out its operations, is not subject to

ORDER – 3

1  direct state regulation.  Hence, the Supremacy Clause bars Ms. Wesley's claim

2  challenging the towing and impoundment of her vehicle under RCW § 46.55.120.[1]

### IV.  CONCLUSION

For the reasons stated above, the court GRANTS the United States' motion for

summary judgment (Dkt. # 6).  The court dismisses this action with prejudice and directs

the clerk to enter judgment consistent with this order.

Dated this 7th day of May, 2007.


_____

JAMES L. ROBART
United States District Judge

---

[1]The court therefore does not reach the United States' contention that Ms. Wesley's
claim is facially invalid because it was not timely filed under RCW § 46.55.120(2)(b).

ORDER – 4